UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOSE AGUILAR, on behalf of himself and all other
persons similarly situated,

                              Plaintiffs,                                  **REPORT AND**
                                                                                      **RECOMMENDATION**
                 -against-                                                CV 17-7412 (ADS)(AYS)

THE FENCE GUY, INC., THE FENCE
GUY OF LONG ISLAND, LLC, and
JOHN HAUSLE,

                              Defendants.
-----------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Jose Aguilar's ("Plaintiff" or "Aguilar") motion for default judgment, pursuant to Federal Rule of Civil Procedure 55. (Docket Entry ("DE") [19].) By way of a Complaint filed on December 20, 2017, Plaintiff commenced this action against Defendants The Fence Guy, Inc., The Fence Guy of Long Island, LLC (the "Corporate Defendants"), and John Hausle (collectively "Defendants"), pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"), alleging that Defendants failed to pay him overtime compensation for all hours worked in excess of forty hours per week, failed to provide him with a wage notice at the time of hiring, and failed to provide him with accurate and complete wage statements with his weekly paychecks. (Compl., DE [1].)

       After Defendants failed to answer or otherwise respond to Plaintiff's Complaint, the Clerk of the Court entered a notation of default against them on March 9, 2018. (DE [11].) On February 2, 2019, Plaintiff filed the within motion for default judgment, (DE [19]), which Judge Spatt referred to this Court for a recommendation as to whether the motion should be granted

1

and, if so, the appropriate amount of damages, costs and fees, if any, to be awarded. (DE [21].) For the following reasons, this Court respectfully recommends that Plaintiff's motion for default judgment be granted and that damages be awarded as set forth herein.

## BACKGROUND

Plaintiff, a former employee of Defendants, was employed as a manual laborer from approximately 2006 until in or about May 2015. (Compl. ¶ 9.) Defendants The Fence Guy, Inc. and The Fence Guy of Long Island, LLC are domestic corporations engaged in the fence construction and installation business. (Id. ¶¶ 10, 13, 20.) Defendant John Hausle ("Hausle") is the owner and operator of the Corporate Defendants. (Id. ¶ 16.) Hausle was responsible for the day-to-day management of the Corporate Defendants, including the payment of wages to Plaintiff and determining what wages to be paid to Plaintiff. (Id. ¶ 18.)

Throughout Plaintiff's employment, Plaintiff regularly worked six days per week – Monday through Saturday – and, sometimes, seven days, during the spring and summer months. (Id. ¶ 22.) Plaintiff began work each morning at approximately 7:00 a.m.; however, the time Plaintiff finished work varied from day to day. (Id.) Plaintiff regularly worked from 7:00 a.m. to 6:00 p.m. or 7:00 p.m., depending on when Defendants finished work for the day. (Id.) Plaintiff did not receive an uninterrupted meal break of at least thirty minutes during each day he worked for Defendants. (Aguilar Decl., ¶ 13, annexed to Pl. Mot. for Default J. at Ex. A, DE [19-3].) On average, Plaintiff worked 11.5 hours per day, or sixty-nine hours per week. (Id. ¶ 14.)

Defendants did not pay Plaintiff overtime compensation for hours worked in excess of forty per week. (Compl. ¶ 23.) Rather, Defendants paid Plaintiff a fixed daily rate regardless of the actual number of hours worked each week. (Id.) From in or about March 2008 until

approximately November 2009, Plaintiff was paid $130 per day. (Aguilar Decl. ¶ 16.) From approximately March 2010 through approximately May 2015, Defendants paid Plaintiff $150 per day. (Id.) Plaintiff was paid in cash by Hausle every Friday. (Id. ¶ 17.)

Defendants did not provide Plaintiff with a notice and acknowledgement of his wage rate upon his hire. (Compl. ¶ 26.) Similarly, Defendants did not provide Plaintiff with accurate wage statements – or any wage statement – each pay period. (Id. ¶ 27; Aguilar Decl. ¶ 20.) Finally, Defendants did not post required notices regarding payment of minimum wages and overtime. (Compl. ¶ 28.)

Plaintiff commenced the within action on December 20, 2017, alleging violations of the FLSA and the NYLL. Plaintiff seeks unpaid overtime wages pursuant to both statutes. Plaintiff also asserts claims pursuant to Sections 195(1) and 195(3) of the NYLL for Defendants' failure to provide him with written wage notices and written wage statements, as required by the statute. Plaintiff seeks damages in the amount of $58,073.92. (DE [19-10].)

## DISCUSSION

I.    Legal Standard

    A.    Standard for Entering a Judgment of Default

Rule 55 of the Federal Rules of Civil Procedure employs a two-step process before entering a judgment of default against a party that fails to respond or defend. See Fed. R. Civ. P. 55; see also Romero v. Floris Constr., Inc., No. 1:16-CV-4282, 2017 WL 5592681, at *2 (E.D.N.Y. Nov. 20, 2017). First, the party seeking a judgment of default must ascertain a certificate of default from the Clerk of the Court. See Fed. R. Civ. P. 55(a). After the Clerk issues a certificate, the moving party then requests an entry of a judgment of default. See id. at 55(b); see also Coley v. Vannguard Urban Improvement Ass'n, Inc., No. 12-CV-5565, 2018 WL

1513628, at *2 (E.D.N.Y. Mar. 27, 2018), as amended (Mar. 29, 2018).  All of the well-pleaded factual allegations in the complaint pertaining to liability are deemed to be true.  See Qiu Hua Tan v. Voyage Express Inc., No. 15 CV 6202, 2017 WL 2334969, at *2 (E.D.N.Y. May 25, 2017) (citing Greyhound Exhibitgroup v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (E.D.N.Y. 1992)).  However, it is up to the court to determine whether the unchallenged facts constitute a legitimate cause of action.  See Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012).

B.  Standard Required Under the FLSA

In order to establish liability under the FLSA, the plaintiff must prove either individual liability or enterprise liability.  See Leon v. Chen, No. 16-CV-480, 2017 WL 1184149, at *4 (E.D.N.Y. Mar. 29, 2017).  Individual liability applies to any individual "engaged directly in interstate commerce or in the production of goods for interstate commerce."  Coley, 2018 WL 1513628, at *3 (quoting Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n.8 (1985)).  On the other hand, enterprise liability applies to entities that: "(1) perform related activities "for a common business purpose"; (2) have "employees engaged in commerce or in the production of goods for commerce, or . . . employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person"; and (3) have an "annual gross volume of sales made or business done [ ] not less than $500,000."  Coley, 2018 WL 1513628, at *3 (quoting 29 U.S.C. § 203(r)–(s)) (alteration in original).

An employee is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  Here, Plaintiff demonstrates this by alleging in his Complaint that he is employed by Defendants.  See Garcia v. Badyna, No. 13-CV-4021, 2014 WL 4728287, at *5 (E.D.N.Y. Sept. 23, 2014)

4

(stating that since plaintiff alleged in his complaint that he is an employee as defined by the FLSA, for purposes of the default, he qualifies as an employee); see also Compl. ¶¶ 8, 9, 21.

Furthermore, Plaintiff has shown in the Complaint that the Corporate Defendants are an enterprise engaged in interstate commerce and have employees handling, selling or otherwise working on goods or materials that have been moved in or produced in commerce. See 29 U.S.C. § 203(s)(1)(A)(i)-(ii); see also Compl. ¶¶ 12, 15. In the course of his work, Plaintiff used equipment and other materials, such as lumber, cement, shovels, wheelbarrows, iron bars, pick axes, and other tools, many of which originated outside the State of New York. See Compl. ¶ 12. Plaintiff has also alleged in the Complaint that the Corporate Defendants have an annual gross revenue of at least $500,000. See Compl. ¶¶ 12, 15.

Moreover, Hausle is an employer under the FLSA. An employer is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a). The Second Circuit has employed a multifactor test in determining whether one qualifies as an employer for purposes of liability. See Coley, 2018 WL 1513628, at *4. These factors include "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." Id. (quoting Carter v. Dutchess Cmty. Coll., 735 F.2d 8 (2d Cir. 1984)). In this case, Hausle hired and fired employees, set work schedules, and determined the rate of payment. See Compl. ¶¶ 16-19. As a result, Hausle is deemed to be an employer under the FSLA.

C. Standard Required Under the NYLL

The NYLL "is the state analogue to the federal FLSA," and, as such, it "echoes the FLSA in compensation provisions regarding overtime and minimum wage requirements."

Rodriguez v. Ridge Pizza Inc., No. CV 16-0254, 2018 WL 1335358, at *7 (E.D.N.Y. Mar. 15, 2018) (quoting D'Arpa v. Runway Towing Corp., No. 12-CV-1120, 2013 WL 3010810, at *18 (E.D.N.Y. June 18, 2013)).  As a result, once liability is established under the FSLA, courts will routinely impose liability for NYLL violations.  See Guardado v. 13 Wall St., Inc., No. 15-CV-2482, 2016 WL 7480358, at *5 (E.D.N.Y. Dec. 2, 2016), adopted by, 2016 WL 7480363 (E.D.N.Y. Dec. 29, 2016).  Therefore, since Plaintiff is considered an employee and Defendants are considered employers under the FLSA, they are also deemed to be so under the NYLL.

Additionally, the NYLL requires that an employer furnish each employee with a notice and acknowledgement of his or her wage rate upon hire, see N.Y. Labor Law § 195(1), as well as an accurate wage statement setting forth the hours worked, rate of pay, and total hours worked each pay period.  See N.Y. Labor Law § 195(3).  Plaintiff proffers that Defendants failed to provide this information.  See Compl. ¶¶ 26-27.  For this reason, Plaintiff has alleged violations of Sections 195(1) and 195(3) of the NYLL.

II.     Damages

   A.     Standard Applicable to a Damages Award Following Default Judgment

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default.  See, e.g., Greyhound Exhibitgroup, 973 F.2d at 158; Olvera v. Los Taquitos Del Tio Inc., No. 15 Civ. 1262, 2015 WL 3650238, *1 (E.D.N.Y. June 11, 2015); Guaman v. Krill Contracting, Inc., No. 14-CV-4242, 2015 WL 3620364, at *2 (E.D.N.Y. June 9, 2015).  Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty."  Olvera, 2015 WL 3620364, at *1.  Reasonable certainty means that "damages may not be merely speculative, possible or imaginary, but . . . directly traceable to the breach, not

6

remote or the result of other intervening causes." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999). While the party seeking damages is entitled to all reasonable inferences from the evidence it offers, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Quiros, Inc., No. 13-CV-7017, 2015 WL 1247102, at *5 (E.D.N.Y. Mar. 18, 2015); Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 125 (E.D.N.Y. 2011) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

The court determining damages has the discretion to hold an evidentiary hearing. See Fed. R. Civ. P. 55(b)(2); see also Castellanos v. Deli Casagrande Corp., No. CV 11-245, 2013 WL 1207058, at *3 (E.D.N.Y. Mar. 7, 2013), adopted by, 2013 WL 1209311 (E.D.N.Y. Mar. 25, 2013). Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty. See Avelar, 2015 WL 1247102, at *7. Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimation of the hours worked are presumed correct and are often sufficient to support a damages award. See e.g., Rodriguez, 784 F. Supp. 2d at 126; Yin v. Kim, No. 07-CV-1236, 2008 WL 906736, at *3 (E.D.N.Y. Apr. 1, 2008).

  B. Overtime Wages

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation." 29 U.S.C. § 216(b). Like the FLSA, the NYLL provides that an employee is entitled to recover unpaid minimum wages and overtime. See 12 N.Y.C.R.R. §§ 142-2.2-2.4. Unpaid overtime wages are calculated by multiplying the wage rate by 0.5 to determine the amount owed per hour for every hour over 40

hours worked. See 29 U.S.C. § 207(a)(1). That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of weeks of overtime pay owed. The totals for each week are then aggregated to calculate the total amount of overtime wages owed. See Mendez v. Casa Blanca Flowers, Ltd., No. 12-CV-5786, 2014 WL 4258943, at * 3 (E.D.N.Y. July 8, 2014), adopted by, 2014 WL 4258988 (E.D.N.Y. Aug. 27, 2014). "Even when wages exceed the minimum prescribed by Congress, [employers] must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]." Avelar, 2015 WL 1247102, at *5 (quoting Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944)) (alterations in original).

While both the federal and state statutory schemes place the burden of showing hours worked on the employee, see Avelar, 2015 WL 1247102, at *6, the employer is charged with maintaining accurate records of an employee's hours. See Guaman, 2015 WL 362036, at *7. When the employer's records are inadequate, an employee may meet his burden of showing hours worked by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Rivera v. Ndola Pharmacy Corp., 497 F. Supp. 2d 381, 388 (E.D.N.Y. 2007).

### C. Liquidated Damages

Both federal and New York state law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due. As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer. See Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir.1997). Under state law, willfulness is established where employers voluntarily underpay employees. See Moon v. Kwon, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002). These standards have been

recognized to be essentially the same. See id. Where, as here, the employer defaults, an award of liquidated damages is appropriate. See Guaman, 2015 WL 3620364, at *10.

  D. Wage Theft Prevention Act Damages

  Under the NYLL, employers are required to furnish their employees with a notice and acknowledgement of the employee's wage rate at the time of hire. See N.Y. Labor Law § 195(1). Employers are also required to furnish their employees with accurate, specifically enumerated wage statements each pay period. See N.Y. Lab. Law § 195(3). Plaintiff seeks to recover damages for Defendants' failure to provide accurate wage statements and annual wage notices as required by New York's Wage Theft Prevention Act ("WTPA"). As Plaintiff asserts he was never given a proper wage notice or a proper wage statement during the course of his employment, he is entitled to WTPA damages.

  E. Facts Necessary to Plead a Claim for Wages and Overtime Damages

  In view of the fact that it is Plaintiff's burden to prove entitlement to damages to a "reasonable certainty," this Court must consider the nature of the proof required to prove such damages where, as here, a plaintiff seeks overtime damages. The Second Circuit has spoken explicitly as to the level of pleading required to state a claim for overtime wages. See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013).

  Similar to the "reasonable certainty" standard required to prove entitlement to default damages, the Second Circuit has held that a plaintiff seeking to state a claim for overtime wages must plead facts sufficient to support a "reasonable inference" that he worked more than forty hours in a given week. See Dejesus, 726 F.3d at 90. While such hours need not be pled with

9

exact "mathematical precision," a plaintiff seeking overtime wages is required to draw from his "memory and experience" when pleading hours worked. Id. Facts thus drawn from memory must provide "sufficient detail about the length and frequency" of hours worked so as to "support a reasonable inference that [plaintiff] worked more than forty hours in a given week." Id. The pleading of such factual context allows a plaintiff to "nudge [his] claim 'from conceivable to plausible." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Lundy, 711 F.3d at 114 n.7 (stating that an approximation of overtime hours worked, while "not needed in all cases," may "help draw a plaintiff's claim closer to plausibility").

With these pleading standards in mind, the Court turns to consider the issues referred to this Court for report and recommendation, i.e., whether Plaintiff has sufficiently pled his claims under the FLSA and the NYLL, and, if so, the amount of damages to be awarded.

III.     Calculation of Plaintiff's Wage and Hour Damages

Plaintiff's overtime claims are supported by the Complaint and declaration allegations referred to above. Plaintiff's declaration recalls both the dates and hours worked. It also recalls his daily wage. The Court has considered the allegations set forth above and holds that those allegations do, in fact, rise to the level of pleading required by the Second Circuit, and are therefore sufficient for this Court to make a reasonably specific determination as to damages.

As to overtime wages, Plaintiff is entitled to 100% of all overtime wages owed. Plaintiff states that he regularly worked six days per week – Monday to Saturday – and sometime even seven days per week. (Compl. ¶ 22; Aguilar Decl. ¶ 11.) Plaintiff typically worked eleven and one-half hours per day throughout the course of his employment. (Compl. ¶ 22; Aguilar Decl. ¶ 14.) These shifts resulted in Plaintiff working sixty-nine hours per week for Defendants, twenty-

nine of which should have been compensated at one and one-half times his regular rate of pay. (Compl. ¶ 23; Aguilar Decl. ¶ 14.) From March 2008 through November 2009, Plaintiff was paid a base salary of $130.00 per day, or $780.00 per week, regardless of how many hours he worked. (Aguilar Decl. ¶ 16.) From March 2010 through the end of his employment in May 2015, Plaintiff was paid a base salary of $150.00 per day, or $900.00 per week, regardless of how many hours he worked. (Aguilar Decl. ¶ 16.) Taking into account the statutes of limitation under the FLSA and the NYLL, Plaintiff may recover unpaid overtime compensation for the seasonal work he performed for Defendants from December 2011 to May 2015. Therefore, the overtime pay due to Plaintiff is $24,580.40, as set forth below.[1]

| Time Period | Number of Weeks | Hourly Rate of Pay | Overtime Owed per week | Overtime Wages Due |
|---|---|---|---|---|
| 03/01/2012-11/30/2012 | 39 | $13.04 | $189.08 | $ 7,374.12 |
| 03/01/2013-11/30/2013 | 39 | $13.04 | $189.08 | $ 7,374.12 |
| 03/01/2014-11/30/2014 | 39 | $13.04 | $189.08 | $ 7,374.12 |
| 03/01/2015-05/31/2015 | 13 | $13.04 | $189.08 | $ 2,458.04 |

Plaintiff is also entitled to 100% in liquidated damages on his overtime compensation claim. As such, Plaintiff is entitled to $24,580.40 in actual damages and a like amount in liquidated damages, for a total of $49,160.80.

Since February 27, 2015, the WTPA mandates that "[a]ny employee not provided [a wage] notice within ten business days following their first day of employment, 'may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to

---

[1] The damages calculations in Plaintiff's Statement of Damages, annexed to Plaintiff's motion at Exhibit H, are incorrect. The Court will recommend that damages be awarded based on the numbers calculated throughout this Report and Recommendation.

11

occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." Rodriguez, 2018 WL 1335358, at *9 (quoting Kim v. 511 E. 5th St., LLC, 133 F. Supp. 3d 654, 661 (S.D.N.Y. 2015)) (first alteration in original); see also N.Y. Labor. L. § 198(1-b). Plaintiff states that he worked six days per week for a period of approximately thirteen weeks since February 27, 2015, during which he never received written notice of his pay. (Compl. ¶ 26; Aguilar Decl. ¶ 19.) This amounts to approximately seventy-eight days. Therefore, this Court recommends awarding Plaintiff $50.00 per workday for seventy-eight days, for a total award of $3,900.00, for Defendants' record keeping violations, pursuant to Section 195(1) of the NYLL.

Moreover, since April 9, 2011, the WPTA also requires employers to provide employees, with every payment of wages, a statement that lists the dates of work covered by the payment of wages, the employee's and the employer's names, the address and phone number of the employer, the employee's rate of pay, "whether paid by the hour, shift, day, week, salary, piece, commission, or other," gross wages, deductions, allowances, if any, and net wages. N.Y. Labor L. § 195(3). "[T]he statement shall [also] include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked." Id. Prior to February 27, 2015, "[t]he WPTA entitled employees to recover statutory damages for violations of the wage statement requirement of $100 per work week, not to exceed $2,500." Id. After February 27, 2015, the WPTA entitles a plaintiff to recover $250 for each work day that the violation occurred, not to exceed $5,000. See N.Y. Labor L. § 198(1-d). Here, Plaintiff states that Defendants never provided him with wage statements or paystubs during his employment. (Compl. ¶ 27; Aguilar Decl. ¶ 20.) Accordingly, this Court recommends awarding Plaintiff $5,000 for Defendants' violation of Section 195(3) of the NYLL.

In summary, this Court respectfully recommends that Defendants be ordered to pay Plaintiff $24,580.40 for unpaid overtime wages for hours worked in excess of 40 hours per week, $25,580.40 in liquidated damages, and $8,900.00 for Wage Theft Prevention Act violations, for a total monetary award of $58,060.80.

IV.     Post-Judgment Interest

While not mentioned in his motion, Plaintiff should also be awarded post-judgment interest, pursuant to 28 U.S.C. § 1961, which must be applied to "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961; see also Khurana, 2017 WL 1251102, at *17. Accordingly, this Court recommends awarding post-judgment interest, to be calculated based on the weekly average one-year constant maturity Treasury yield for the week preceding the date on which judgment is entered. See 28 U.S.C. § 1961(a) ("[I]nterest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding."); see also Schipani v.McLeod, 541 F.3d 158, 165 (2d Cir. 2008) (holding that post-judgment interest is mandatory and calculated pursuant to federal statute).

V.      Attorney's Fees and Costs

Both the FLSA and the NYLL provide for the recovery of reasonable attorney's fees by successful plaintiffs. See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a),(1-d). The statutes similarly allow prevailing plaintiffs to recover costs from defendants. See 29 U.S.C. §216(b); N.Y. Labor L. §663(1). Plaintiff does not include such a request in the instant motion but, instead, requests the opportunity to make such a motion within fourteen days. This Court

respectfully recommends that Plaintiff's request be granted and that Plaintiff be directed to make any motion for attorney's fees within fourteen (14) days of the date of judgment in this action.

## RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Plaintiff's motion for default judgment, appearing at Docket Entry [19], be granted and that damages be awarded as follows: (1) unpaid overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $24,580.40; (2) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $24,580.40; (3) $8,900.00 in damages for violations of the WPTA; and (4) post-judgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961, for a total monetary award of $58,060.80.  It is further recommended that Plaintiff be afforded fourteen (14) days from the date of judgment herein to submit his motion for attorney's fees and costs.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by May 23, 2019.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b).  Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v.

Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
      May 20, 2019

    /s/ Anne Y. Shields
    ANNE Y. SHIELDS
    United States Magistrate Judge