FILED
CLERK
9:40 am, Jun 10, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JOSE AGUILAR, on behalf of himself and all others similarly situated,

                Plaintiff,

      -against-

THE FENCE GUY, INC., THE FENCE GUY OF LONG ISLAND, LLC, AND JOHN HAUSLE,

                Defendants.
--------------------------------------------------------X

**ADOPTION ORDER**
17-cv-7412 (ADS) (AYS)

**APPEARANCES:**

**Law Office of Peter A. Romero PLLC**
*Counsel for the Plaintiff*
825 Veterans Highway, Suite B
Hauppauge, New York 11788
      By: David D. Barnhorn, Esq.,
         Peter A. Romero, Esq., Of Counsel

**NO APPEARANCES:**

*The Defendants*

**SPATT, District Judge.**

On December 20, 2017, Jose Aguilar commenced this putative collective action against his former employers, The Fence Guy, Inc., The Fence Guy of Long Island, LLC, and John Hausle (the "Defendants"), alleging violations of the Fair Labor Standards Act and New York Labor Law. Namely, the Plaintiff seeks to recover allegedly unpaid overtime wages.

On May 21, 2018, the Clerk of the Court issued a Certificate of Default, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

On February 2, 2019, the Plaintiff moved for a default judgment against the Defendants.

On February 4, 2019, the Court referred this matter to United States Magistrate Judge Anne Y. Shields for a recommendation as to whether the motion for a default judgment should be granted, and if so, what relief should be awarded.

On May 20, 2019, Judge Shields issued a Report & Recommendation ("R&R") recommending that the motion for a default judgment be granted and that damages be awarded as follows: (1) unpaid overtime compensation, pursuant to both the FLSA and the NYLL, in the amount of $24,580.40; (2) liquidated damages, pursuant to both the FLSA and the NYLL, in the amount of $24,580.40; (3) $8,900.00 in damages for violations of the WPTA; and (4) postjudgment interest, to be calculated by the Clerk of the Court, pursuant to 28 U.S.C. § 1961, for a total monetary award of $58,060.80. The R&R further recommended that Plaintiff be afforded fourteen (14) days from the date of judgment to submit his motion for attorney's fees and costs.

More than fourteen (14) days have elapsed since service of the R&R on the Defendants, who have failed to file an objection.

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, this Court has reviewed the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Accordingly, the R&R is adopted in its entirety, and the Plaintiff's motion for a default judgment is granted.

**SO ORDERED.**

Dated: Central Islip, New York
June 10, 2019

                                                          _/s/ Arthur D. Spatt_
                                                         ARTHUR D. SPATT
                                               United States District Judge