```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JOSE AGUILAR, on behalf of himself and all other
persons similarly situated,

                        Plaintiffs,                    REPORT AND
                                                       RECOMMENDATION
        -against-                                      CV 17-7412 (ADS)(AYS)

THE FENCE GUY, INC., THE FENCE
GUY OF LONG ISLAND, LLC, and
JOHN HAUSLE,

                        Defendants.
----------------------------------------------------------------X
```
**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff commenced this action in December 2017, seeking unpaid overtime wages and related damages pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants defaulted and, following a lengthy period of inactivity, Plaintiff moved for entry of a judgment against all defendants. That motion was referred to this Court for Report and Recommendation ("R&R"). On May 20, 2019, this Court recommended that judgment be entered against Defendants in a total amount of $56,060.80. Docket Entry ("DE") [22]. The R&R further recommended that Plaintiff be granted fourteen days from the date of judgment to submit a motion for attorney's fees and costs. Id. On June 10, 2019, there being no objections filed to the R&R, the District Court adopted the R&R in its entirety.

On June 3, 2019 (prior to adoption of the R&R, but within 14 days of the R&R), Plaintiff interposed his motion for fees and costs associated with this case. On December 2, 2019, that unopposed motion was referred to this Court, by the Honorable Arthur D. Spatt, for Report and Recommendation. DE [29]. For the reasons set forth below, this Court recommends that the motion be granted.

1

DISCUSSION

I. Legal Principles

A. Entitlement to Fees

Plaintiff seeks attorney's fees and costs pursuant to the FLSA and the NYLL. Both statutes provide for the recovery of reasonable attorney's fees by successful plaintiffs. See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a),(1-d). The statutes similarly allow prevailing plaintiffs to recover costs from defendants. See 29 U.S.C. §216(b); N.Y. Labor L. §663(1).

B. Determining Amount of Award

To determine a "reasonable" fee, a court must arrive at a reasonable hourly rate, which is then multiplied by the reasonable number of hours worked. This is sometimes referred to as the "lodestar" amount. Millea v. Metro–N. R.R. Co., 658 F.3d 154, 166-67 (2d Cir. 2011); Lilly v. City of New York, No. 16 Civ. 322, 2017 WL 3493249, *2 (E.D.N.Y. Aug. 15, 2017). The lodestar amount can then be adjusted as appropriate.

When seeking fees, the burden is on the party seeking an award to "submit sufficient evidence to support the hours worked and the rates claimed." Hugee v. Kimso Apartments, LLC., 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012). The District Court has broad discretion when awarding a reasonable fee. Matusiak v. Erie County Water Auth., 757 F.3d 31, 64 (2d Cir. 2014). While such decisions will not be disturbed absent abuse, any decision reached must be properly explained and supported by the facts and evidence in each particular case. Id.; see also Sleepy's LLC v. Select Comfort Wholesale Corp., 909 F.3d 519, 533 (2d Cir. 2018). Generally, the "forum rule" requires the court to use "the hourly rates employed in the district in which the reviewing court sits." Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr., 652 F.3d 277, 290 (2d Cir. 2011). Under this rule, the court applies a presumption in favor

of an award that reflects a prevailing district rate.  Simmons v. New York City Transit Authority, 575 F.3d 170 (2d Cir. 2009).  Broadly speaking, when considering what is "reasonable," the court considers "the rate a paying client would be willing to pay," bearing in mind that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively."  Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2007).  When determining the proper rate, the reviewing court presumes application of the rates generally charged in the forum, while also taking into account:

- the complexity and difficulty of the case,

- the available expertise and capacity of the client's other counsel (if any),

- the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics),

- the timing demands of the case,

- whether an attorney might have interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself,

- whether an attorney might have initially acted pro bono (such that a client might be aware that the attorney expected low or non-existent remuneration), and

- other returns (such as reputation, etc.) that an attorney might expect from the representation.

Arbor Hill, 522 F.3d 182, 184.

Like the hourly rate, the burden of establishing the reasonableness of the number of hours expended lies with the moving party.  Custodio v. Am. Chain Link & Const., Inc., No. 08 Civ. 7148, 2014 WL 116147, at *9 (S.D.N.Y. Jan. 13, 2014) (citing Cruz v. Local Union No. 3 of Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1160 (2d Cir. 1994)).  The party seeking fees must

3

"provide accurate, detailed and contemporaneous time records." <u>Remache v. Mac Hudson Group</u>, No. 14 Civ. 3118, 2018 WL 4573072, * 19 (E.D.N.Y. Sept. 7, 2018); <u>see also</u> <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 173 (2d Cir. 1998) ("Applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done"). With these standards in mind, the Court turns to review the present fee application.

II.     <u>The Motion</u>

    A.     <u>Plaintiff Has Prevailed</u>

As noted, prevailing parties are entitled to an award of fees and costs. Here, there is no question that Plaintiff has prevailed. As set forth in this Court's May 20, 2019 R&R, Plaintiff succeeded in proving his damages to the required "reasonable certainty" standard. <u>See</u> <u>generally</u> DE [22]. Accordingly, he was awarded actual overtime wages, liquidated damages, and damages under the New York State Wage Theft Prevention Act, for a total monetary award of $58,060.80. He was also awarded post-judgment interest pursuant to 20 U.S.C. § 1961.

    B.     <u>The Amounts Sought Are Reasonable</u>

The Court has reviewed Plaintiff's fee application. The total amount sought is $6,497.50 in fees and costs in the amount of $662.35. As discussed below, all amounts sought are reasonable.

As to hourly fees, Plaintiff seeks $350.00 as an hourly rate for attorney Peter Romero, Esq., and $275.00 as an hourly rate for senior associate David Barnhorn. Attorney Romero has been practicing employment law for approximately fifteen years. He is an active member of the bar, and has represented clients in numerous wage and hour cases, including acting as class

4

counsel in collective and class actions. DE [24-2] §§4-5. Attorney Barnhorn has been similarly engaged in the practice of employment law for approximately seven years. DE [24-2] §§ 6-7.

The rates sought by Plaintiff's counsel are reasonable and well within the range of similarly experienced attorneys practicing wage and hour cases in this District. "Courts in this district regularly award hourly rates ranging from $ 300 to $ 400 for experienced attorneys in FLSA cases." Quintanila v. Good Eats Meal Plan Corp., No. 18-CV-4350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019); Williams v. Ernie Tropical Jerk & Seafood Ctr., Inc., No. 15-CV-4710, 2016 WL 8711489, at *5 (E.D.N.Y. Aug. 22, 2016), adopted as modified by 2016 WL 8711078, at *1 (E.D.N.Y. Sept. 9, 2016); see also Small v. New York City Transit Auth., No. CV 2003-2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) (awarding hourly rates of $300-$450 for partners and $200-$300 for associates).

As to time spent, Plaintiff seeks an award based upon a total of 24.4 hours of attorney work. Twenty-four hours were spent by attorney Barnhorn, and 0.4 hours were spent by attorney Romero. See DE [24-3]. The Court has reviewed the billing records and finds that they reflect proper charges. The Court further holds that the hours billed are well within those typically associated with time spent on a wage and hour case that culminates in a plaintiff's default judgment. See e.g., Quintanila, 2019 WL 1936731, at *3 (awarding fees in FLSA default case based upon 13.9 hours of partner work, 5.6 hours of associate work and 15.4 hours of paralegal work).

Finally, as to costs, Plaintiff seeks a total of $662.35 in litigation expenses. These expenses include a $400.00 filing fee, $135.00 for service of process fees, and the remainder sought for necessary postage fees. Like the other amounts sought, the costs sought are reasonable and supported by the record.

RECOMMENDATION

For the reasons stated herein, it is respectfully recommended that Plaintiff's motion for attorney's fees, appearing at Docket Entry [24] herein, be granted and that Plaintiff be awarded the amount of $6,497.50 in attorney's fees and $662.35 in costs, for a total monetary award of $7,159.85.

OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Plaintiff's counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Defendants at their last known address(es) and to file proof of service on ECF by December 5, 2019. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
December 2, 2019

                                                 /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge