```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JOSE AGUILAR, on behalf of himself and all
other persons similarly situated,

                    Plaintiffs,                              ADOPTION ORDER
                                                             2:17-cv-7412 (ADS) (AYS)
          -against-

THE FENCE GUY, INC., THE FENCE GUY
OF LONG ISLAND, LLC, and JOHN
HAUSLE,

                    Defendants.
----------------------------------------------------------X
```

FILED
CLERK
3:42 pm, Mar 05, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

**Law Office of Peter A. Romero PLLC**
*Attorneys for the Plaintiffs*
103 Cooper Street
Babylon, NY 11702
     By:    Peter Arcadio Romero, Esq.,
             David Donald Barnhorn, Esq., Of Counsel.

**SPATT, District Judge**:

On August 31, 2015, Plaintiff Jose Aguilar, acting on behalf of himself and all other persons similarly situated (the "Plaintiffs"), brought this action against the Fence Guy, Inc. ("Fence Guy"), The Fence Guys of Long Island, LLC ("Fence Guys of Long Island") and John Hausle ("Hausle" and collectively, the "Defendants"). ECF 1. They sought to recover wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the New York Labor Law ("NYLL") Articles 6 and 19, § 650 *et seq.*, and supporting New York State Department of Labor regulations. *Id.*

On February 27, 2018, after Defendant Hausle failed to answer or otherwise respond, the Plaintiffs requested a certificate of default against Hausle. ECF 10. On March 9, 2018, the Clerk of the Court issued a Certificate of Default as to Hausle, pursuant to Federal Rule of Civil

Procedure ("FED. R. CIV. P.") 55(a). ECF 11. The Plaintiffs later asked for certificates of default as to Fence Guy and Fence Guys of Long Island, ECF 15, and on May 21, 2018, the Clerk of the Court issued a FED. R. CIV. P. 55(a) Certificate of Default as to them, ECF 16.

On February 2, 2019, the Plaintiff moved for a default judgment against all Defendants. ECF 19. Two days later, the Court referred the motion to United States Magistrate Judge Anne Y. Shields for a Report and Recommendation as to whether the motion for a default judgment should be granted, and if so, whether damages should be awarded. ECF 21.

On May 20, 2019, Judge Shields issued a Report and Recommendation. ECF 22. She recommended that the Court grant the default judgment motion and award damages of $58,060.80. *Id.* at 14. She also recommended that the Plaintiffs be given fourteen days from the date of judgment to move for attorneys' fees and costs. *Id.* The Court adopted the Report and Recommendation on June 10, 2019, and entered judgment the following day. ECF 25, 27.

The Plaintiffs moved for attorneys' fees and costs. ECF 24. They asked for $6,497.50 in fees and $662.35 in costs. *Id.* On June 30, 2019, the Court referred the motion to Judge Shields for a Report and Recommendation as to whether the motion should be granted, and if so, what relief, if any, should be awarded. ECF 29.

On December 2, 2019, Judge Shields issued the Report and Recommendation ("R&R"), recommending that "Plaintiff's motion for attorney's fees, appearing at Docket Entry [24] herein, be granted and that Plaintiff be awarded the amount of $6,497.50 in attorney's fees and $662.35 in costs, for a total monetary award of $7,159.85." ECF 30 at 6. The Plaintiffs filed proof of service of the R&R on December 4, 2019.

It has been more than fourteen days since the service of the R&R. The parties have not filed objections. As such, pursuant to 28 U.S.C. § 636(b) and FED. R. CIV. P. 72, this Court has

2

reviewed the R&R for clear error, and, finding none, now concurs in both its reasoning and its result. *See Coburn v. P.N. Fin.*, No. 13-CV-1006 (ADS) (SIL), 2015 WL 520346 at *1 (reviewing R&R without objections for clear error).

Accordingly, the R&R is adopted in its entirety. The Court awards the Plaintiffs the amount recommended in the R&R.

The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York         /s/ Arthur D. Spatt

March 5, 2020                ARTHUR D. SPATT

                    United States District Judge